# IN THE DISTRICT COURT OF GUAM

LOGAN TAIJERON,

    Plaintiff,

v.

KENNETH ERIK SWANSON, Ph.D., in his official capacity as Superintendent for the Guam Department of Education,

    Defendant.

Case No. 1:25-cv-00017

MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO STRIKE GDOE AS DEFENDANT AND LIMITED DISCOVERY

## I. INTRODUCTION

On July 10, 2025, the court held a status conference virtually in this disability discrimination action. (Mins., ECF No. 28.) Attorneys Daniel Somerfleck and Phillip Tydingco appeared on behalf of Plaintiff Logan Taijeron, and Attorney Jesse Nasis appeared on behalf of Defendant Kenneth Erik Swanson in his official capacity as Superintendent. (*Id.*) During the status conference, the court granted Plaintiff's oral motion to strike any reference to the Guam Department of Education ("GDOE") as a named defendant in his complaint, denied GDOE's motion to dismiss (ECF No. 12) and Plaintiff's motion to strike GDOE's motion to dismiss (ECF No. 17) as moot, and granted in part Plaintiff's oral request to conduct limited discovery in relation to the mootness basis for Defendant Swanson's motion to dismiss (ECF No. 15). The court now memorializes its orders in this written decision.

//

/

- 1 -

Case 1:25-cv-00017   Document 29   Filed 07/10/25   Page 1 of 4

## II. DISCUSSION

### A. Plaintiff's Motion to Strike GDOE as Defendant, GDOE's Motion to Dismiss, and Plaintiff's Motion to Strike GDOE's Motion to Dismiss

While Plaintiff's complaint only names Kenneth Erik Swanson as a defendant in the case caption, when read in its entirety, the complaint suggests that Plaintiff is also bringing claims against the Guam Department of Education. (Compl., ECF No. 1.) For example, the complaint repeatedly refers to Defendants in the plural form (*id.* ¶¶ 1, 3, 5–6, 11) and explicitly refers to the Guam Department of Education as "Defendant GDOE" (*id.* ¶¶ 9, 15). However, during the status conference, Plaintiff clarified that he intended to bring this action only against Superintendent Kenneth Erik Swanson in his official capacity, not GDOE. Without any objection from Attorney Nasis, legal counsel for GDOE who appeared on behalf of Defendant Swanson (*see* ECF No. 14), the court granted Plaintiff's oral motion to strike any reference to GDOE as a named defendant in his complaint. All the factual allegations about GDOE in the complaint remain.

Because GDOE is now clearly not a party to this action, its motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF Nos. 12–13) was denied. *See* Fed. R. Civ. P. 12(b) (permitting "a party" to file a Rule 12(b) motion to dismiss); *cf. Deschutes River All. v. Portland Gen. Elec. Co.*, 323 F. Supp. 3d 1171, 1176 (D. Or. 2018) ("Under Rule 12, only a *party* may make a Rule 12(b)(7) motion to dismiss.") Accordingly, Plaintiff's motion to strike GDOE's motion to dismiss was denied as moot.

### B. Plaintiff's Request for Limited Discovery

During the status conference, Plaintiff requested to conduct limited discovery so that he could adequately respond to the mootness basis for Defendant Swanson's motion to dismiss. Specifically, Plaintiff requested 1) the contract for the repair of the elevator at Southern High School; 2) documents related to the procurement of the elevator repair contract; and 3) an

opportunity to inspect the premises of Southern High School. Defendant did not object to providing the elevator repair contract, but objected to the relevance of the documents related to the procurement process, and lastly requested that the court provide Defendant a week to ensure GDOE maintenance personnel can be present and give Plaintiff's counsel safe access to the premises of Southern High School for the pertinent inspection.

A federal court does not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "When a party requests discovery to respond to a motion to dismiss on jurisdictional grounds, a court ordinarily should grant discovery 'where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Friends of Animals v. U.S. Bureau of Land Mgmt.*, No. 2:16-CV-1670-SI, 2017 WL 1025669, at *1 (D. Or. Mar. 16, 2017) (quoting *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).

Here, which elevator is being repaired, the situation of the elevator in relation to classrooms and school facilities, and the status of the repair are pertinent facts bearing on the jurisdictional question of whether Plaintiff's claims for injunctive relief are moot. Accordingly, the court granted Plaintiff's discovery request for the elevator repair contract and an opportunity to inspect the premises of Southern High School by July 17, 2025. The court denied Plaintiff's discovery request for documents related to the procurement process of the elevator repair contract as irrelevant to the question of mootness.

### III. CONCLUSION

Based on the matters adduced at the status conference and for the reasons stated herein, the court granted Plaintiff's oral motion to strike any reference to GDOE as a named defendant

in his complaint, denied GDOE's motion to dismiss (ECF No. 12) and Plaintiff's motion to strike GDOE's motion to dismiss (ECF No. 17) as moot, and granted in part Plaintiff's oral request to conduct limited discovery in relation to the mootness basis for Defendant Swanson's motion to dismiss. Further, the court continued the oral arguments scheduled for July 16, 2025 to **July 28, 2025 at 1:00 p.m.** to hear Defendant Swanson's Motion to Dismiss (ECF No. 15) and Plaintiff's Motion for a Preliminary Injunction (ECF No. 21).

IT IS SO ORDERED this 10th day of July, 2025.

RAMONA V. MANGLONA
District Judge